# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 03-2486V
Filed: February 12, 2014
Not to be Published

```
*******************************************
LIN YUAN, Parent of E.W., a minor,         *
                                           *      Autism; Failure to
            Petitioner,                    *      Prosecute; Failure to
                                           *      Follow Court Orders;
v.                                         *      Dismissal
                                           *
SECRETARY OF HEALTH AND HUMAN              *
SERVICES,                                  *
                                           *
            Respondent.                    *
*******************************************
```

## DECISION[1]

On October 23, 2003, petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that E.W. was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14.

On August 22, 2013, petitioner was ordered to inform the court whether petitioner intended to proceed with this case. Petitioner did not respond to that order.
On October 31, 2013, petitioner was again ordered to inform the court whether petitioner intended to proceed with this case, or otherwise "show cause," within thirty days, why this case should not be dismissed for failure to prosecute. The order was sent to petitioner's address of record by certified mail and was returned to the court as undeliverable. The court endeavored to find a new address for petitioner to no avail. On December 17, 2013, petitioner was again ordered to inform the court whether petitioner intended to proceed with this case, or otherwise

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

"show cause" within thirty days, why this case should not be dismissed for failure to prosecute. The order was sent to petitioner's address of record by certified mail and was again returned to the court as undeliverable.[3]

I. The Omnibus Autism Proceeding

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP and will not be repeated here.[4]

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three test cases pertaining to the PSC's first theory rejected the petitioners' causation theories. *Cedillo*, 2009 WL 331968, *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst*, 2009 WL 332306, *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder*, 2009 WL 332044, *aff'd*, 88 Fed. Cl. 706 (2009).[5] Decisions in each of the three "test cases" pertaining to the PSC's second theory also rejected the petitioners' causation theories, and petitioners in each of the three cases chose not to appeal. *Dwyer*, 2010 WL 892250; *King*, 2010 WL 892296; *Mead*, 2010 WL 892248. Thus, the proceedings in these six test cases are concluded. Petitioners remaining in the OAP must now decide whether to pursue their cases, and submit new evidence on causation, or take other action to exit the Program. The petitioner in this case has failed to inform the court how petitioner intends to proceed.

---

[3] The Order filed December 17, 2013, contained a typographical error in footnote one indicating that an alternative address for petitioner was located; however an alternative address *was **not*** located after the court endeavored to locate one. Prior to filing the instant Decision the court again endeavored to locate an alternative address to no avail.

[4] The Theory 1 cases are *Cedillo v. Sec'y, HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Hazlehurst v. Sec'y, HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009); *Snyder v. Sec'y, HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009). The Theory 2 cases are *Dwyer v. Sec'y, HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. Sec'y, HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *Mead v. Sec'y, HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

[5] Petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

## II. Failure to Prosecute

It is petitioner's duty to ensure the court has a valid address to which it can send filings. Failure to respond to a court order because petitioner has failed to update her address of record is deemed noncompliance with a court order, and noncompliance will not be tolerated. As I reminded petitioner in my December 17, 2013 Order, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## III. Causation in Fact

To receive compensation under the Program, petitioner must prove either 1) that E.W. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of E.W.'s vaccinations, or 2) that E.W. suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Vaccine Act, a special master cannot find a petitioner has proven her case by a preponderance of the evidence based upon "the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." § 300aa-13(a) (2006). Petitioner has failed to file sufficient medical records and evidence in this case. Thus, an examination of the record did not uncover any evidence that E.W. suffered a "Table Injury." Further, the record does not contain a medical opinion or any other persuasive evidence indicating that E.W.'s autism spectrum disorder was vaccine-caused.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that E.W. suffered a "Table Injury" or that E.W. injuries were "actually caused" by a vaccination. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**[6]

**IT IS SO ORDERED.**

George L. Hastings
Special Master

---

[6] This document constitutes my final "Decision" in this case, pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). If petitioner wishes to have this case reviewed by a Judge of the United States Court of Federal Claims, a motion for review of this decision must be filed within 30 days. After 30 days the Clerk of this Court shall enter judgment in accord with this decision. If petitioner wishes to preserve whatever right petitioner may have to file a civil suit (that is a law suit in another court) petitioner must file an "election to reject judgment in this case and file a civil action" within 90 days of the filing of the judgment. 42 U.S.C. § 300aa-21(a).